8081

CAMPBELL v. SOUTHERN RAILWAY.

RAILROADS—NEGLIGENCE—CONDUCTOR.—Where the lid of a box at the end of a tender, which is used as a step, is left open at an inclination of about 45 degrees and the conductor of the work train, in attempting to step on it, steps and falls beneath the moving tender, the railroad company is liable.

*Divided Court.*

Before WATTS, J., Greenville, June term, 1910. Affirmed.

Action by Joella Campbell, as administratrix of Chas. L. Campbell, against Southern Railway, Paul Odom and Rudolph Sammons. Defendants appeal.

*Messrs. Cothran, Dean & Cothran,* for appellants, cite: *The duty of master is to furnish instrumentalities that are reasonably safe:* 1 LaBatt., sec. 26; 20 S. E. 70; 18 S. W. 710; 118 N. Y. S. 893. *The deceased was guilty of contributory negligence:* 77 S. C. 328; 86 S. C. 69. *If there*

*was any negligence it was that of a fellow servant:* 12 Ency. 1002; 3 Bat. 426; 11 Ohio St. 417; 18 Ind. 226; 85 Am. D. 409; 8 Kan. 642; 29 Kan. 632; 3 Cush. 270; 46 Mich. 258; 54 Am. D. 348; 60 Miss. 977; 59 Mo. 285; 17 N. Y. 153; 17 Ohio St. 197; 80 Am. D. 467; 46 Tex. 540; 70 Tex. 226; 61 Wis. 163; 13 Am. Neg. Ca. 328. *Master cannot be charged with negligence of a fellow servant in the use of a perfectly safe appliance:* 39 S. C. 507; 44 N. Y. S. 277; 16 U. S. 28; 22 N. Y. S. 749; 71 Fed. 953; 104 Fed. 955; 92 Fed. 884; 133 U. S. 375; 166 U. S. 399; 28 S. E. 267; 63 Fed. 109; 22 N. W. 389; 88 N. Y. 481; 23 Ind. 81; 7 Ill. App. 322; 128 Mass. 10; 26 Pac. 70; 10 Allen 233; 16 A. & E. R. Cas. 421; 3 Ell., secs. 1276, 1318; 20 A. & E. 64; Bish. Non C. L., sec. 665; 23 Cal. 230; McKerny Fell. Serv., sec. 138; 62 N. Y. 251; 23 Ind. 81; 129 Mass. 268; 46 Mich. 158; 70 N. Y. 171; 61 Wis. 159; 68 Ill. 545; 88 N. Y. 481; 78 Ind. 79; 12 Lea 46; 33 Minn. 218; 22 Hun. 289; 35 La. Ann. 1166; 7 Ill. App. 522; 62 Barb. 218; 18 Fed. 304; 25 Mc. Q. B. 517; 68 Cal. 171; 89 Tex. 475; 20 On. 285.

*Messrs. McCullough & Blythe* and *James H. Price,* contra, cite: *When the evidence supports the allegations, nonsuit is improper:* 66 S. C. 91; 67 S. C. 122. *Duty to furnish safe place is nondelegable and performance by fellow servant does not relieve the master:* 69 S. C. 387. *That injury was caused by act of fellow servant may be shown under general denial:* 51 S. C. 79. *Deceased not guilty of contributory negligence:* 80 S. C. 237; 56 S. C. 94; 66 S. C. 528; 69 S. C. 479. *Nor did he assume the risk:* 80 S. C. 238.

This case was argued at the November term, 1910, before three Justices and opinions filed July 10, 1911. Rehearing was ordered and case was reargued at November term, 1911.

January 8, 1912.    The opinion of the Court was deliv-
ered by

MR. JUSTICE GARY.    This is an action for damages,
alleged to have been sustained, on account of the death of
Charles L. Campbell, a conductor on a work train of the
Southern Railway Company, at Piedmont, S: C., on the
21st of October, 1908.

The allegations of the complaint, material to the questions
under consideration, are as follows:

"That while in the discharge of his duty, and while car-
rying out the orders and instructions of the defendant,
Southern Railway Company, the said Chas. L. Campbell
met his death on said date, by reason of the joint and con-
current negligence of the defendants, in that, while the
engine and tender were being backed on a sidetrack at the
said station of Piedmont, the said Chas. L. Campbell had
occasion to use the steps, provided by the defendant, South-
ern Railway Company, on said tender for those having
occasion to go from the ground to the back of the tender,
or from the back of said tender to the ground, and one of
the treads of said steps, consisted of the top of a box,
extending across the rear of said tender, which box was
used by the defendant, for the purpose of keeping and stor-
ing away tools and appliances, and, while in discharge of his
duty he was using said steps, the defendant carelessly and
negligently left the top of said box, which top constituted
one of the treads, partly open at an angle of about forty-
five degrees, and when intestate's foot hit the top of said
step, he slipped and was thrown underneath the engine and
tender, and his body was horribly crushed and mangled,
which resulted in his death.    That it was the duty of
defendants, and especially of the defendants, Paul Odom
and Rudolph Sammons, to see that the lid of said box was
down and securely fastened, for the use of such persons, as
might have occasion to go to, and from the rear of said

tender, and said defendants negligently, on this occasion, failed to perform their duty, and left said lid partly open as set forth, thereby rendering the use of the appliance which was furnished the intestate for the discharge of his duty, unsafe, defective and dangerous; and defendants, through their joint and concurrent negligence, failed to furnish said intestate with a safe place to do the work required of him, and safe and suitable appliances to perform the duty expected of him, which negligence on the part of defendants, combined and concurred as the proximate cause of intestate's death."

The defendants denied the allegations of negligence, and set up the defenses of assumption of risk, contributory negligence and negligence of a fellow servant.

At the close of the plaintiff's testimony, the defendants made a motion for a nonsuit, which was refused.

The jury rendered a verdict in favor of the plaintiff, for fifteen hundred dollars.

The defendants appealed upon the ground, that his Honor erred in overruling the motion for the nonsuit, in that there was no testimony, tending to sustain the plaintiff's allegations of negligence, and, on the further ground, that the testimony sustained the defenses upon which the defendants relied. The particular acts, upon which the defendants relied, to sustain their defense that the deceased was guilty of contributory negligence, are as follows:

"First. The tender and engine were moving backwards, and the deceased was sitting on the top of the cab of the engine, and jumped down therefrom upon the floor of the tender, immediately opposite which on each side, were facilities for alighting; he passed through the tender to the rear thereof, at each corner of which and on the side, were facilities for alighting; he attempted to alight at the most dangerous place he could have selected, namely, at the extreme rear end of the tender, *in the center thereof,* where there were no facilities for alighting, and immediately in the path of

the tender and engine. That it was not at all necessary to alight from the engine and tender, until it stopped. Second. The deceased adopted the dangerous method of alighting, when there were perfectly safe ways for alighting."

They also relied upon these facts, and upon the additional fact that the deceased had knowledge of the danger, to sustain the defense or assumption of risk.

The first question that will be considered is, whether there was any testimony, tending to sustain the allegations of negligence.

There was testimony tending to sustain, every material allegation of the complaint, upon which the plaintiff relied to show negligence, on the part of the defendants. The only instances in which the Court will sustain a nonsuit, when there is testimony sustaining the plaintiff's allegations are, when the complaint is subject to a demurrer. *Austin* v. *Manufacturing Co.*, 67 S. C. 122. In the case now before the Court, the complaint is not demurrable, as it alleges that the deceased was killed by reason of the failure of the defendant, Southern Railway Company, to furnish the deceased a safe place to work, which is a primary and nondelegable duty.

Even conceding that there was testimony, tending to sustain the defenses upon which the defendants relied, it was not of such a nature, that only one inference could be drawn from it.

We do not deem it necessary to set out, in detail, such portions of the testimony as induce us to reach these conclusions.

Appeal dismissed.


CHIEF JUSTICE JONES *concurs.*


MR. JUSTICE WOODS, *dissenting.* Charles L. Campbell, conductor in charge of work train, was killed by falling from the tender of his train; and the plaintiff as administra-

trix of the estate recovered judgment under the allegation that his death was due to the negligence of the defendant in that the tool box placed by the defendant at the rear of the tender to be used as a step in descending was not closed, but was left with the lid up at an angle of about forty-five degrees, so that Campbell in attempting to descend lost his footing and was run over and killed.

I can see no escape from holding that the nonsuit should have been granted on the ground that there was no evidence of negligence on the part of the defendant.    It is elementary that when an employer places reasonably safe appliances in the hands of an employee for his use the employer is not responsible for their negligent use by such employee.  There is no allegation nor proof that the box lid or the tool box was defective or that the lid was raised when Campbell took charge of the train as conductor and therefore no negligence can be imputed to the defendant in that respect. Being intrusted with the train as the representative of the master, the general rule would be that it was Campbell's duty to see that the box was kept closed if that was necessary to the safety of himself and the other employees.    Neither the conductor nor his administratrix can be allowed to allege that the defendant was negligent in failing to perform a duty which devolved on him as the company's representative.

A witness for the plaintiff, it is true, testified that it was the duty of the last man who used the box to close it, but on the part of the plaintiff there was not a particle of evidence tending to show when or by whom the box was opened and lid left so as to be dangerous.    Therefore the plaintiff's case rested on negligence which must be imputed either to the conductor himself or one of his fellow servants on the same train.    Even if it could be assumed that the defendant would be liable if the box had been left open by Odom, the engineer or Sammons, the fireman, there could be no recovery, for under the plaintiff's evidence it would be entirely

a matter of conjecture whether the conductor himself or the fireman or the engineer had left the box open. *Green* v. *So. Ry.,* 72 S. C. 398, 52 S. E. 45, and cases cited.

The evidence introduced by the defendant cannot help the plaintiff for that evidence was to the effect that Campbell himself opened the box a very short time before the accident and was the last man seen near it and in charge of it. This evidence not only does not tend to show that the box was left open by another employee of the defendant, but tends to prove affirmatively that Campbell himself, having control of the box, left it open after having had a cable taken from it.

MR. JUSTICE HYDRICK. I think the nonsuit should have been granted. The only negligence alleged in the complaint consisted in leaving the toolbox open, with the lid thrown back at an angle of about forty-five degrees, so that, when Campbell stepped on it, he slipped and fell. There was no testimony to support the allegation that it was the duty of the defendants, Odom and Sammons, to keep it closed. If defendant would be liable, under the authority of *Richey* v. *Ry.,* 69 S. C. 387, as for a failure to furnish plaintiff's intestate a safe place to work, if it had appeared that the box was left open by one of his fellow servants, that fact was not proved, and the burden of proving it was on the plaintiff. It cannot be inferred from the mere fact that a box was left open by some one. Indeed, from the testimony, it is as probable that it was left open by Campbell himself as by any one else. If it was, he was the author of his own injury.